IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DEANTHANEY PENNINGTON,**

           **Plaintiff,**

     **vs.**
                           CIVIL ACTION
                           No. 04-3310-GTV

**ROBERT SAPIEN, et al.,**

           **Defendants.**


**ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner in state custody. Plaintiff has submitted the initial partial filing fee as directed, and the court grants leave to proceed in forma pauperis.[1]

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $150.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from

Plaintiff claims his civil rights have been violated by his continued placement in administrative segregation. He appears to claim that he has been repeatedly punished for the same incidents.

**Background**

Plaintiff states that in July 2002, he was placed in segregation on "other security risk" after he served 60 days of disciplinary segregation. He has received 36 institutional disciplinary reports since his sentence began in November 1999, and the court takes judicial notice that he was sentenced to an additional 16 month criminal sentence for his conviction of incitement to riot in the District Court of Ellsworth County.

**Plaintiff's motions**

Plaintiff moves for the appointment of counsel (Doc. 4). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. <u>Williams v. Meese</u>, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider

---

his account.

"the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."   <u>Long v. Shillinger</u>, 927 F.2d 525, 526-27 (10th Cir. 1991).

Having considered the record, the court finds the issues presented in this matter are not unusually complicated and that the plaintiff is able to clearly express the basis of his claim for relief.   The court denies the motion for the appointment of counsel.

Plaintiff also has filed a motion for default judgment (Doc. 6) and a motion for ruling (Doc. 7).  The motion for default judgment is denied, as the court has not ordered the service of process in this matter.  The motion for a ruling on that request is now moot.

**Discussion**

It is settled that a state may create liberty interests which are protected by the Fourteenth Amendment.  Such interests are limited to restraints on a prisoner that result in an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

3

However, "[t]he due process rights of prisoners are subject to reasonable limitation or restriction in light of the legitimate security concerns of the institution, ... and 'the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.'" Penrod v. Zavaras, 94 F.3d 1399, 1406 (10th Cir. 1996)(quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).

Here, the record shows that plaintiff was placed in administrative segregation as "other security risk", pursuant to Internal Management Policy and Procedure (IMPP) 20-104 I.B.13.[2]  It also appears plaintiff has received monthly reviews by the segregation review board, as provided by IMPP 20-106 II.A.  However, as of the time of the response to his administrative grievance on August 4, 2004, plaintiff had chosen to appear only one time in 12 months before that board (Doc. 1, Attach.).

---

[2]

This section provides, in part, "The warden may place in administrative segregation, or secure confinement in the inmate's own cell, any inmate or group of inmates if the inmate or inmates have engaged in behavior which has threatened the maintenance of security or control in the correctional facility."

4

On the present record, the court finds the decision to classify plaintiff as "other security risk" is supported by plaintiff's history of institutional misconduct as well as a new criminal sentence for incitement to riot. The court also finds plaintiff has been afforded due process protections in the form of periodic reviews of his placement in segregation.

The court therefore will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. 1915(b)(2) until plaintiff satisfies the $150.00 filing fee.

IT IS FURTHER ORDERED plaintiff's motion for the appointment of counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff's motion for default judgment (Doc. 6) is denied.

IT IS FURTHER ORDERED plaintiff's motion for ruling on the motion for default judgment (Doc. 7) is denied as moot.

IT IS FURTHER ORDERED plaintiff is granted twenty (20) days to show cause why this matter should not be dismissed for the reasons set forth in this order.  Any response shall be

5

limited to five (5) pages.  The failure to file a timely response may result in the dismissal of this action without prior notice to the plaintiff.

Copies of this order shall be transmitted to plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of April, 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge
