IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEANTHANEY PENNINGTON,

        Plaintiff,

                                CIVIL ACTION
    vs.                            No. 04-3310-SAC

ROBERT SAPIEN, et al.,


        Defendants.


ORDER


    This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, claims his civil rights have been violated by his extended placement in administrative segregation.[1]

    By an order entered on April 18, 2005, the Honorable G. T. VanBebber of this court directed the plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief (Doc. 8). Plaintiff filed a response (Doc. 9).

_____

[1] The court takes judicial notice that plaintiff's custody level is now identified as Special Management in electronic records maintained by the Kansas Department of Corrections.

This matter was transferred to the undersigned in June 2005. The court has examined the record and enters the following order.

**Background**

As noted in Judge VanBebber's order, plaintiff was placed in segregation under the category "other security risk" after he served 60 days of disciplinary segregation. Following his incarceration, plaintiff was convicted in the District Court of Ellsworth County of incitement to riot for acts committed inside a correctional facility. He received a consecutive 16 month sentence for that offense. Plaintiff also received more than thirty institutional disciplinary reports between March 2000 and May 2002.

During his placement in segregation, plaintiff received monthly segregation reviews to evaluate that placement. An internal review noted that during one 12-month period, plaintiff chose to appear before the board only one time, in June 2004, and offered no comment to the segregation review committee.

In response to a grievance, plaintiff was advised as follows:

It is found in the past 12 month period of time you

2

have only appeared before the segregation review
board one time, this being in the month of June
2004.    At that review you did not make any com-
ments....   The recommendation for an inmate to be
placed into the Intensive Management Unit in C cell
house is made by the administrative segregation
review committee.    This would be made when the
inmate shows an interest by appearing before the
segregation review committee at the monthly segrega-
tion review or by submitting a form nine requesting
to be considered for IMU placement.    The Program
Management Committee would make the final decision
whether an inmate is placed into IMU or not.  (Doc.
1, attach. grievance response dated 8-4-04.)

Plaintiff's response to the court's order to show cause

states that his confinement in segregation has resulted in

restricted conditions of confinement, including the loss of

contact visitation; access to group religious services,

concerts, intramural sports, music room activities, the

weight-lifting program, and higher-paying work details; and

exposure to unsanitary conditions.

## Discussion

"To state a claim under section 1983, a plaintiff must

allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of

state law."    West v. Atkins, 487 U.S. 42, 48 (1988);

Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992).

3

A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction.  See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf".  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

Plaintiff's complaint alleges the defendants, namely, Robert Sapien, Unit Team Manager; Ray Roberts, Warden of the El Dorado Correctional Facility; and Roger Werholtz, Secretary of the Kansas Department of Corrections, violated his rights to due process, equal protection, and to be free from cruel and unusual punishment.  These claims arise from his extended placement in administrative segregation designated as "other security risk."   Plaintiff first alleges he has been denied due process.  Pursuant to Sandin v. Conner, 515 U.S. 472, 484 (1995), a prisoner has a liberty interest when a change occurs in confinement that results in an "atypical and significant

4

hardship...in relation to the ordinary incidents of prison life."

Even if the court assumes that the various restrictions identified in plaintiff's response to the order to show cause impose an atypical hardship, plaintiff may prevail upon his claim only by showing that he did not receive due process when he was assigned to administrative segregation or during his placement there.  Plaintiff has not made such an allegation, and, in fact, the materials he provides in support of his complaint demonstrate that he has failed to participate in the periodic reviews of his status.

Plaintiff likewise does not deny that he has a significant disciplinary history or that he has been convicted while incarcerated of new criminal charges for incitement to riot.  The record before the court supplies an ample basis for the conclusion that plaintiff's classification as "other security risk" is reasonable and that he has been afforded due process protections during his segregation.

Plaintiff next alleges he has been denied equal protec- tion.  The court liberally construes this claim to assert that plaintiff was not afforded the same privileges and opportuni- ties  while in segregation that are available to prisoners in

5

the general population.

Generally, a plaintiff alleging a denial of equal protection must demonstrate that the government has discriminated among similarly-situated groups. "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a rational relation to some legitimate end to satisfy the Equal Protection Clause." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)(internal quotations omitted). A difference in conditions for the groups here, segregated prisoners and those assigned to general population, does not implicate any suspect classification or fundamental right. Segregation in the Kansas penal system may occur for a variety of reasons, including a risk to institutional security, escape risk, communicable disease, and documented mental or emotional instability.[2]

Here, plaintiff's classification as "other security risk" is rationally related to legitimate penological interests in restricting the movement of prisoners whose conduct poses a

---

[2]

These criteria are included in Kansas Department of Corrections Internal Management Policy and Procedure (IMPP) 20-104.

particular risk to institutional security and in encouraging behavioral modification in those prisoners.  The court finds no claim of an equal protection violation is stated.

Finally, plaintiff asserts a claim of cruel and unusual punishment.  Under the Eighth Amendment, prison officials must provide prisoners with humane conditions of confinement, including adequate medical care, food, clothing, shelter, and protection from harm.  See Barney v. Pulsipher, 143 F3.d 1299, 1310 (10th Cir. 1998).  The court interprets plaintiff's claim to assert that segregation itself constitutes cruel and unusual punishment.[3]

To the extent plaintiff contends that the restrictive conditions of administrative confinement constitute cruel and unusual punishment, he must establish both an objective and a

---

[3]

Plaintiff did not present a claim alleging unsanitary conditions in his initial complaint, nor do the administrative grievances he submitted with the complaint include any claim concerning unsanitary conditions in the segregation unit.  (Doc. 1, attachs.)  These claims, to the extent they might be construed to allege an independent claim of cruel and unusual punishment, have not been exhausted and are not properly before the court. See 42 U.S.C. § 1997e(a) (requiring exhaustion of available administrative remedies before any federal action is commenced concerning conditions of confinement).

subjective component in that claim. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The objective component requires a showing that a prisoner has been denied the "'minimal civilized measure of life's necessities.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 347). The subjective component requires a showing that the responsible prison officials acted with "'deliberate indifference' to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson, 501 U.S. at 300-02).

The Eighth Amendment does not require comfortable prisons. Rhodes, 452 U.S. at 349. Rather, "officials must provide humane conditions of confinement...by taking reasonable measures to guarantee the inmates' safety." McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(internal quotations omitted).

Here, plaintiff's allegations that he has been denied various privileges are insufficient to allege an Eighth Amendment violation. Likewise, his claims of unpleasant conditions of confinement do not suggest conditions in segregation that are either sufficiently serious to implicate the Eighth Amendment nor the result of a deliberate disregard

8

to human safety or well-being.  The court therefore dismisses the claim that plaintiff's placement in segregation violated the Eighth Amendment.

### Conclusion

For the reasons set forth, the court concludes plaintiff's claims of due process and equal protection violations and of cruel and unusual punishment may be summarily dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED plaintiff's motions for order (Docs. 11, 12, 15, and 16), motion for the appointment of counsel (Doc. 13), and motion for service (Doc. 14) are denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of January, 2006.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge

9